STATE OF NORTH CAROLINA v. DONALD WESLEY HOYLE

No. 6825SC330

(Filed 20 November 1968)

**1. Criminal Law § 99— questions propounded by trial court**

In this homicide prosecution, questions propounded to the witnesses by the trial judge were for the purpose of clarification and were not expressions of opinion by the court.

**2. Criminal Law §§ 99, 170— question propounded by trial court**

In this homicide prosecution, trial judge's question "Can you jump slow?" after defense counsel asked a State's witness on cross-examination whether another had jumped "quickly," while disapproved, *is held* not to constitute prejudicial error.

**3. Criminal Law §§ 113, 163— misstatement of defendant's evidence**

In a homicide prosecution, the court did not err in its recapitulation of defendant's testimony by stating that defendant and the deceased "went together" instead of using some other words to convey how the defendant and the deceased engaged in a fight in which defendant contends he was cut by deceased with a pocket knife, and defendant's contention that the term "went together" is a misstatement of the evidence is not reviewable on appeal where defendant did not call this to the court's attention at the trial.

**4. Homicide § 28— instruction on self-defense**

In a homicide prosecution, the court did not err in its instructions relating to self-defense in failing to explain the meaning of the words "was the defendant at a place where he had a right to be."

**5. Criminal Law §§ 102, 170— remarks of solicitor — failure of defendant to testify**

In a homicide prosecution, a remark by the solicitor that "He hasn't put the defendant up" in objecting to defense counsel's examination of a witness as to decedent's reputation related to the competency of the evidence sought to be introduced and did not mislead or prejudice the jury so as to require a new trial.

APPEAL by defendant from *Falls, J.,* 27 May 1968 Ordinary Mixed Session of BURKE Superior Court.

The defendant was charged in a bill of indictment with first degree murder. Upon the call of the case for trial, the solicitor for the State announced, in substance, that he would not ask for a verdict of guilty of murder in the first degree but that he would seek a verdict of guilty of murder in the second degree or manslaughter or such verdict as the law and the evidence in the case might warrant. The defendant pleaded not guilty and was tried by a jury. The evidence presented at the trial tended to show that the defendant and John Henry McDaniels (hereinafter referred to as deceased) were

at the Do-Drop-In, "a piccolo joint," about midnight on 17 December 1966. The deceased had been drinking and was being abusive to those around him. Deceased had a knife which he began to wave about after the defendant had slapped him. The deceased's brother-in-law, who was the proprietor of the Do-Drop-In, asked him to leave before any trouble started. The deceased went out the back door toward his brother-in-law's house at about the same time the defendant went out the front door. On the way to the house, the deceased was met by his sister who urged him to continue to the house. He refused and followed her back toward the store. The defendant came around to the back of the store with a gun in his hand and told the deceased to drop the pocket knife he had in his hand. The first shot was fired by the defendant while the deceased was standing there with his knife open. After the first shot was fired at the deceased by the defendant, the deceased advanced on the defendant with the knife in his hand. They collided and fell into a ditch, with the defendant landing on top of the deceased. Another shot was fired while they were in the ditch, and then four more shots were fired by the defendant after he got out of the ditch. When the defendant got up, he was bleeding from a cut on his left temple. The defendant went back around to the front of the building and left the scene with a friend. The deceased was taken to the hospital where he died from a bullet wound. The case was submitted to the jury who returned a verdict of guilty of manslaughter. Sentence was imposed and the defendant appealed to the Court of Appeals.

*Attorney General T. W. Bruton and Deputy Attorney General Harry W. McGalliard for the State.*

*Byrd, Byrd & Ervin by John W. Ervin, Jr., for the defendant appellant.*

MALLARD, C.J.

The defendant asserts that the following four questions are raised on this appeal:

"1.  Did the questioning of witnesses by the Court constitute an expression of opinion as to the weight and sufficiency of evidence?

2.  Did the Court's recapitulation of the defendant's evidence constitute an expression of opinion by the Court?

3.  Did the Court err in its charge to the jury on the elements of the plea of self-defense?

4. Did the Solicitor prejudice the defendant by making a re-
mark in the presence of the jury that the defendant had
not testified in his own behalf?"

The defendant contends that the questioning of witnesses by the
judge violated his duty under G.S. 1-180, not to express an opinion
on the evidence during the course of a trial or in his charge to the
jury. In the case of *State v. Perry,* 231 N.C. 467, 57 S.E. 2d 774, we
find the following language:

"It is well settled in this jurisdiction that it is improper for a
trial judge to ask questions for the purpose of impeaching a
witness. . . .

On the other hand, there are times in the course of a trial, when
it becomes the duty of the judge to propound competent ques-
tions in order to obtain a proper understanding and clarification
of the testimony of the witness or to bring out some fact that
has been overlooked. But the trial judge should not by word or
mannerism convey the impression to the jury that he is giving
it the benefit of his opinion on the facts. . . .

The comment made or the question propounded should be con-
sidered in the light of all the facts and attendant circumstances
disclosed by the record, and unless it is apparent that such in-
fraction of the rules might reasonably have had a prejudicial
effect on the result of the trial, the error will be considered
harmless." See also *State v. Goldberg,* 261 N.C. 181, 134 S.E.
2d 334; *State v. Hoover,* 252 N.C. 133, 113 S.E. 2d 281; and 2
Strong, N. C. Index 2d, Criminal Law, § 99.

[1]    Looking at the record as a whole and considering the ques-
tions propounded by the judge, in the light of all the attendant facts
and circumstances disclosed by this record, we are of the opinion
that the questions propounded to the witnesses by the judge were
for the purpose of clarification and were not expressions of opinion
and therefore not prejudicial to defendant.

[2]    While defendant's counsel was cross-examining one of the
State's witnesses, the following occurred:

"Q  You were watching it. Did he just kind of walk up on the
bank as I am walking?

A  No, he jumped.

Q  Quickly?

A  Quickly?

Q  Yes.

A  Quickly?

Q  Yes.

A  Did he — ?

THE COURT:  Can you jump slow?"

While we do not approve of such a question being propounded by the court to the lawyer, or to a witness, under the circumstances disclosed by the record, we are of the opinion that such was not prejudicial error.

[3]    Defendant contends that the court committed error in recapitulating the defendant's testimony in stating that the defendant and the deceased "went together" instead of using some other words to convey how the defendant and the deceased engaged in a fight in which the defendant contends he was cut by the deceased with a pocket knife. This contention is without merit. Some of the witnesses used the term they "went together." The defendant used the words, "I walked out there, walked up to him," and again, "I walked up to him and I said, John Henry, what is wrong with you? That is when he come off on me and cut me with a knife." If the defendant considered the words "went together" to be a misstatement of the evidence, he did not call this to the attention of the court at the time.

> "The Court, in reviewing the evidence offered by the respective parties, is not required to give the jury a verbatim recital of the testimony. It must of necessity condense and summarize the essential features thereof in short-hand fashion. All that is required is a summation sufficiently comprehensive to present every substantial feature of the case. When its statement of the evidence in condensed form does not correctly reflect the testimony of the witnesses in any particular respect, it is the duty of counsel to call attention thereto and request a correction. . . . As the Court's attention was not called thereto and exception not entered in apt time, they are not now tenable." *Steelman v. Benfield; Parsons v. Benfield,* 228 N.C. 651, 46 S.E. 2d 829; see also *O'Berry v. Perry,* 266 N.C. 77, 145 S.E. 2d 321.

[4]    The defendant contends but cites no authority other than G.S. 1-180 that the court committed error in failing to explain what was meant by the words "was the defendant at a place where he had a right to be," contending that the court should have charged as to whether or not the defendant Hoyle had a right to be at the

place where the shooting occurred. This contention is without merit. Also, this assignment of error is improper in that it is based on an exception that does not appear of record. The evidence tends to show that the fatal shooting took place behind a place of business after an argument, between the parties, had occurred on the inside. Both the deceased and defendant were customers at this place of business. There was no request for special instructions on this aspect of the law. We are of the opinion and so decide that the trial judge correctly and adequately charged the jury on self-defense.

[5] The defendant's final assignment of error relates to a remark made by the solicitor that the defendant had not testified in his own behalf.

A defendant's witness was on the witness stand and was being examined by defendant's attorney when the following occurred:

"Q   What was John Henry McDaniels' general reputation there in the community where he lived?

SOL. CHILDS:   Objection.

THE COURT:   Overruled.

A   He would cut you. I had heard —

SOL. CHILDS:   Objection; move it be striken (sic).

THE COURT:   Overruled.

SOL. CHILDS:   If the Court, please, you may overrule. He is trying to get something through the back door. It isn't competent at this time.

THE COURT:   He is entitled to show his reputation as being a dangerous and violent man.

SOL. CHILDS:   He hasn't put the defendant up. He can't get it in at this particular point as competent evidence.

THE COURT:   Overruled."

The remark made by the solicitor related to the competency of evidence that was being sought to be introduced and was not calculated to "mislead and prejudice the jury," and we are of the opinion that it did not mislead or prejudice the jury so as to require a new trial. *State v. Miller,* 271 N.C. 646, 157 S.E. 2d 335; *State v. Bentley,* 1 N.C. App. 365, 161 S.E. 2d 650; 2 Strong, N. C. Index 2d, Criminal Law, § 102.

We therefore hold that the remark of the solicitor, under the

circumstances, was not sufficiently prejudicial to warrant a new trial.

In the trial, we find

No error.

CAMPBELL and MORRIS, JJ., concur.