STATE OF NORTH CAROLINA v. LAWRENCE WINFORD BROOKS, ALIAS WAYNE HAYWOOD BROOKS

No. 7227SC494

(Filed 2 August 1972)

1. Criminal Law § 73— hearsay evidence — competency to show state of mind of witness

In a prosecution for possession of burglary tools, the admission on *voir dire* of testimony by the officer who apprehended defendant that he had stopped defendant's automobile because another officer had informed him that an automobile similar to that of defendant had been observed in the vicinity of a supermarket which had been burglarized the previous week, *held* no error because the testimony fell within the exception to the hearsay rule which permits testimony of assertions of third persons for the purpose of showing the state of mind of the witness in consequence of such assertions and not for the purpose of proving the matters asserted.

2. Criminal Law § 42— introduction of burglary tools into evidence — proper identification

Where burglary tools allegedly found in defendant's automobile by the arresting officer were tagged, taken to a crime laboratory, retrieved from the laboratory and identified by the arresting officer as they were introduced into evidence, defendant's contention that the items were not properly identified was without merit.

**3. Criminal Law § 99— comments of court to witness — display of burglary tools — expression of opinion by judge**

The trial judge's instructions to defendant about where to place a pistol and how to stand during a courtroom demonstration and the judge's direction that items in evidence be placed on a table for the jury to view before instructions were given did not constitute expressions of opinion by the judge. G.S. 1-180.

**4. Criminal Law § 99— comment of judge — prejudicial expression of opinion**

A comment or question of the judge should be considered in the light of the facts and circumstances disclosed by the record, and any error will be considered harmless unless it is apparent that an infraction of the rules was prejudicial to defendant.

**5. Criminal Law § 166— filing of brief after argument without leave of court**

Defendant's filing of a brief, without leave of the court, eight days after the case had been heard on oral argument could not be considered, as no brief or written argument will be received after a case has been argued or submitted, except upon leave granted in open court, after notice to opposing counsel. Court of Appeals Rule 11.

APPEAL by defendant from *Wood, Judge,* at the 6 December 1971 Session of GASTON Superior Court.

Defendant was arrested on 14 October 1971 in Gaston County and charged with possession of burglary tools.

Defendant, being unable to produce bond, was held in the county jail pending his trial on this charge. While in jail, the defendant filed numerous motions including:

*Motions:*

Reduction of Bond, Speedy Trial, Appointment of Investigator, Commission to Take Depositions, Speedy Trial, Micro-Analysis Expert, To Declare Preliminary Hearing Void, Inspection of Documents, List of State's Witnesses, Bill of Particulars, Subpoenas Duces Tecum, Severance, To Be Represented by Counsel and Himself, Change of Venue, and Experimental Evidence.

All of these motions, except the motion for separate trials, were denied. The trial court made findings of fact and concluded as a matter of law that the motions were insolent and void of merit and were intended to interrupt the proceedings of the Court and impair its respect.

At the November 22, 1971 Session, the Grand Jury returned a true bill of indictment charging defendant with possession of burglary tools.

At the trial of this case the State introduced evidence to the effect that on the early morning of 14 October 1971 at about 4:00 a.m. Leroy Howard of the Gaston County Sheriff's Department observed a 1963 Thunderbird automobile on North Carolina Highway 7. The automobile turned off Highway 7 at the Winn-Dixie Store and College Park Pharmacy in the vicinity of Belmont Abbey College. The automobile went behind the store and the pharmacy where it turned around. The Thunderbird then pulled out from behind the stores and returned to Highway 7. The time, place and conduct aroused the suspicions of Howard, and he began to follow the Thunderbird and radioed for assistance. Howard stopped the Thunderbird and was immediately joined by Sgts. Hinson and Duncan of the Belmont Police Department. Defendant and two other men were found in the automobile. Defendant was seated in the front passenger seat and one Raymond Gibson was seated in the right rear seat. (See a companion case, *State v. Gibson,* Opinion filed in this Court June 24, 1972.) When the vehicle was stopped, the driver got out and presented his driver's license to Howard. At the same time Sgt. Hinson approached the right side of the automobile and asked defendant to identify himself. As he did, Hinson noticed what appeared to be the outline of a pistol in the pocket of defendant's pants. The defendant moved his leg and Hinson saw the handle of the pistol. Defendant was then placed under arrest for carrying a concealed weapon. Gibson was asked to get out of the automobile. When Gibson got out of the automobile, Officer Howard saw a canvas bag on the back seat with two wrecking bars and a hammer handle protruding from it. The bag was opened and found to contain one sledge hammer, one flashlight, one adjustable wrench, one screwdriver, one combination punch pry bar, one T-50 wrecking bar, one T-23 wrecking bar, one No. 12 drill bit, one pair of goggles, three pairs of gloves and two Craftsman cutting torch heads. Gibson had been sitting on this bag of tools. These items were taken to the crime laboratory and some of them were introduced into evidence at the trial.

Prior to the introduction of these articles in evidence, a voir dire examination was conducted; and on ample evidence, the trial court found that the arrest was legal and proper, and

the articles were in plain view and competent to be introduced as evidence.

The defendant offered the testimony of Gibson and one Claude Braswell, the driver of the automobile at the time of the arrest. They testified that they had gotten a ride with defendant in Blacksburg, South Carolina, earlier that evening. Defendant had asked Braswell to drive and Braswell had agreed to do so. They had stopped at a service station and then returned to the highway and proceeded to the point at which they were arrested. There was testimony that they did not leave Highway 7 and drive behind the Winn-Dixie Store and the College Park Pharmacy. They testified that they did not see any of the alleged burglary tools in the automobile when they were riding in it.

The jury returned a verdict of guilty as charged and a prison sentence was imposed.

From the verdict and judgment, defendant appeals.

*Attorney General Robert Morgan by Associate Attorney Richard B. Conely for the State.*

*Henry L. Fowler, Jr., and Bob W. Lawing for defendant appellant.*

CAMPBELL, Judge.

Defendant first assigns as error the denial of his pretrial motions. We do not feel it necessary to discuss each of the numerous motions filed by defendant. They were, for the most part, entirely frivolous and without merit. We have, nevertheless, reviewed each motion and the trial court's ruling in each case. We find no error in the denial of defendant's pretrial motions.

[1] The defendant's second assignment of error is to the admission of hearsay evidence on the voir dire examination. Defendant contends that it was error for the court to admit the testimony of Officer Howard that another officer had informed him that an automobile similar to the one in this case had been observed in the vicinity of a supermarket which had been burglarized the previous week. The testimony in question was offered for the purpose of showing why Officer Howard stopped the automobile. It was not offered for the purpose of

State v. Brooks

proving the truth of the assertion that a similar vehicle was seen near the scene of a previous crime. The testimony, therefore, falls within the exception to the hearsay rule which permits "testimony of such assertions [those of third persons] for the purpose of showing the state of mind of the witness in consequence of such assertions and not for the purpose of proving the matters asserted." 2 Strong, N.C. Index 2d, Criminal Law, § 73 at p. 573. There was no error in the admission of this testimony on voir dire.

[2] Defendant assigns as error the admission into evidence of the items listed in the bill of indictment and allegedly found in the automobile occupied by defendant. Defendant contends that these items were not properly identified and that the chain of evidence was not complete. We do not agree with this argument. There was testimony by Officer Hinson that after the tools were found in defendant's automobile, he marked them by tag and then took them to the crime laboratory in Charlotte. Hinson testified that the items were retrieved from the crime laboratory about five days later. Each item was identified by Officer Hinson as it was introduced into evidence. There is no evidence that any of these items were tampered with and they were properly identified by the officer who found them. This assignment of error is overruled.

[3] On the cross-examination of Officer Hinson, the defendant endeavored to show by demonstration, that the officer could not have seen the outline of the pistol as he had claimed. The defendant participated in the demonstration. During this demonstration the trial court gave the defendant certain instructions about where to place the pistol and how to stand. It is contended that these instructions amounted to an expression of opinion by the court in violation of G.S. 1-180. Prior to charging the jury, the trial court directed that the items in evidence be placed on a table so that the jury could view them. Defendant contends that this also is an expression of opinion by the court in violation of G.S. 1-180. Defendant cites no authority for his argument that these actions of the trial court were error. More importantly, he does not show how defendant was in any way prejudiced by the trial court's actions.

[4] The court, in its instructions to defendant, was merely assuring that the demonstration illustrated the testimony as it was given. In ordering the State's exhibits placed on the

table the court was merely allowing the jury to view the evidence. These acts did not amount to an expression of opinion. It is proper for the judge to attempt to obtain a proper understanding and clarification of the testimony. A comment or question of the judge should be considered in the light of the facts and circumstances disclosed by the record, and any error will be considered harmless unless it is apparent that an infraction of the rules was prejudicial to defendant. *State v. Perry*, 231 N.C. 467, 57 S.E. 2d 774 (1950) ; *State v. Hoyle*, 3 N.C. App. 109, 164 S.E. 2d 83 (1968). Here we find that there was no error in the judge's remarks and certainly the defendant could not have been prejudiced by these remarks. This assignment of error is overruled.

Defendant assigns as error the denial of his motions for nonsuit. It is contended that the tools allegedly found with defendant should not have been admitted in evidence and that without this evidence the State had failed to prove its case. In view of our holding that the evidence was admissible, this argument is without merit.

Defendant has assigned as error several portions of the trial court's charge to the jury. We have examined the charge in its entirety, and we find that, when taken as a whole, it provides a fair and accurate statement of the evidence and law in this case. We conclude that the charge was correct and free from prejudicial error.

The defendant has made several other assignments of error. We have considered each of them and find them to be without merit.

[5]  Without the authority or leave of this Court, and contrary to the rules, the defendant filed what purports to be a brief in this cause on 13 July 1972, after the case had been heard on oral argument on 5 July 1972. Rule 11 of the Rules of Practice in the Court of Appeals provides, "No brief or written argument will be received after a case has been argued or submitted, except upon leave granted in open court, after notice to opposing counsel."

This defendant was accorded a full and impartial trial and we find

No error.

Chief Judge MALLARD and Judge BRITT concur.