STATE OF NORTH CAROLINA v. VARREN PAP LEWIS

No. 765SC704

(Filed 2 March 1977)

1. **Criminal Law § 99— comments by court — clarification — no expression of opinion**

   Comments made by the trial court in a rape prosecution concerning the extent of penetration were for the purpose of clarifying the victim's testimony and did not amount to an expression of opinion in violation of G.S. 1-180.

2. **Criminal Law § 66— in-court identification of defendant — pretrial photographic identification — no taint**

   Evidence was sufficient to support the trial court's findings that an in-court identification of defendant by a rape victim was based on her observation of the defendant before, during and after the alleged rape in her house and the in-court identification was not tainted by any pretrial photographic identification procedure.

3. **Criminal Law § 96— evidence withdrawn from jury — presumption that jury obeyed instruction**

   Defendant was not prejudiced by an officer's statement on cross-examination where the court instructed the jury to disregard the statement, since it is presumed that the jurors followed the court's instructions.

APPEAL by defendant from *James, Judge.* Judgment entered 7 January 1976 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 8 February 1977.

The defendant was indicted and tried under separate bills of indictment, proper in form, with the felonies of (1) breaking and entering and (2) second degree rape.

State's evidence tended to show that late in the afternoon of 22 August 1975 Flossie Williams Jones, who was 69 years old, was lying in bed at her home. She was almost asleep when defendant, whom she had never seen before, suddenly appeared in her bedroom. He pulled up her clothes, and Mrs. Jones wrestled with him, but he overcame her resistance and had intercourse with her against her will. Mrs. Jones was momentarily able to get away from defendant by saying that she was hungry. She then went to the kitchen, made some sandwiches for defendant, and while doing this, attempted to go out the front door but was overtaken by defendant. Later, she asked defendant to get her a drink of water, and while he was doing this,

she ran across the street to the home of a neighbor and told her that she had been raped. Mrs. Sneed, one of the neighbors, called the police while Mrs. Jones waited on the porch with Rose Baptist, another neighbor. While they were standing on the porch, Mrs. Jones and Mrs. Baptist saw defendant leave Mrs. Jones' house and walk up the street. About fifteen or twenty minutes later, the police brought defendant to the house in a police car and both Mrs. Jones and Mrs. Baptist identified him.

Defendant offered evidence tending to show that he spent the afternoon of 22 August 1975 with a group of friends at the home of Larry Bellamy. When the gathering at Bellamy's house broke up, defendant began walking home, but before he arrived at home he was arrested for the rape of Mrs. Jones. He testified that he did not rape Mrs. Jones or break into her house.

The defendant pleaded not guilty and was found guilty of both charges. The court imposed a prison sentence in each case and the defendant appealed.

*Attorney General Edmisten, by Associate Attorney David S. Crump, for the State.*

*Jay D. Hockenbury, for the defendant.*

MARTIN, Judge.

[1]  Defendant contends the court violated G.S. 1-180 by expressing an implication that the penetration element of the crime of rape had been proven. Although the statute refers to the formal instructions to the jury, it has always been construed to forbid the judge to convey to the trial jury in any way at any stage of the trial his opinion on the facts involved in the case. *State v. Canipe,* 240 N.C. 60, 81 S.E. 2d 173 (1954).

On direct examination of Flossie Williams Jones, she testified as follows:

"Q. About an inch or so, you say?

OBJECTION: She didn't say an inches or anything like that.

SUSTAINED.

Q. Show me on your finger again what you showed me a while back.

State v. Lewis

A. (illustrating) About like that.

Q. How much would that be—an inch or—

OBJECTION: SUSTAINED.

COURT: Let the witness exhibit on her fingers and agree on what the amount is.

Q. Show me how far he placed his privates in that you showed me.

A. I told you—about that far.

COURT: Can it be stipulated that is approximately an inch and a half?

MR. COBB: It is all right with me, your Honor.

COURT: (to Mr. Hockenbury) Are you going to stipulate to that?

MR. HOCKENBURY: No, I am not going to stipulate to it.

COURT: Let the record show that the witness held up her finger and exhibited a point on it which she said represented the amount of penetration; and let the record show that the point she held on her finger was approximately midway of the finger.

OBJECTION: OVERRULED: EXCEPTION.

EXCEPTION No. 1"

It appears, to this Court, that the remarks by the trial judge, which the defendant considers to have been prejudicial, merely reflect the judge's attempt to clarify a confusing series of questions and answers. The district attorney had asked certain questions concerning the amount of penetration and was unable to evoke a responsive answer. The court, in order to make things clear, was merely seeking to phrase the questions properly and clarify the witness' answers.

Looking at the record as a whole and considering all the attendant facts and circumstances disclosed by the record, we are of the opinion that the inquiry of counsel and the comments made by the judge were for the purpose of clarification and were not an expression of opinion in violation of G.S. 1-180.

Thus, there was no prejudice to defendant. See *State v. Hoyle,* 3 N.C. App. 109, 164 S.E. 2d 83 (1968).

**[2]** In his second assignment of error defendant contends that the court erred in admitting the in-court identification testimony by the witness Flossie Jones. He argues that the showing of photographs to Flossie Jones on 24 August after first allowing Mrs. Baptist to identify the defendant's photograph in her presence, was so suggestive that it must necessarily have tainted Flossie Jones' in-court identification testimony. We disagree.

The trial court found as a fact that the in-court identification of the defendant by Flossie Jones was based on her observation of the defendant before, during, and after the alleged rape in her house and that the in-court identification was independent of *any other* identification procedures. There is substantial evidence to support this finding and such a finding is therefore binding on this Court. *State v. Taylor,* 280 N.C. 273, 185 S.E. 2d 677 (1972).

**[3]** Finally, defendant contends the cross-examination statement of Officer Chipps, to the effect that Mrs. Jones identified defendant as the rapist during the photographic identification, is prejudicial to the defendant.

Defendant called Officer Chipps as a witness and questioned him about the 23 August lineup. On cross-examination Chipps testified: "The next day after the lineup I took both pictures to Flossie Jones at her home and asked her to look at the picture." The district attorney asked him: "What did she say after looking at it this time?" Chipps answered: "At that time she picked out the defendant as being the ___." Counsel for defendant objected at this point, and the court instructed the jury that this testimony could be considered only in corroboration of Mrs. Jones' testimony. After a conference at the bench, the court instructed the jurors to "disregard and remove from your minds any statement of this witness about what took place when he went to the home of Flossie Jones or what he took there." Conceding, *arguendo,* that the evidence was inadmissible, the jurors should be presumed to have followed the court's instructions to disregard this testimony. *State v. Noell,* 284 N.C. 670, 202 S.E. 2d 750 (1974).

In the trial we find no prejudicial error.

No error.

Judges PARKER and ARNOLD concur.