STATE OF NORTH CAROLINA v. EDDIE BOYDEN FRANCUM

No. 7825SC773

(Filed 16 January 1979)

1. **Searches and Seizures § 34— inspection of contents of paper bag in wrecked car—plain view doctrine inapplicable**

    A highway patrolman's inspection of items contained in a paper bag which either fell from or was taken by the officer from defendant's wrecked car constituted a search, and the plain view doctrine was inapplicable to the seizure of the items.

2. **Searches and Seizures § 11— inspection of contents of paper bag in wrecked car—no unreasonable search and seizure**

    A highway patrolman's inspection of the contents of a paper bag in a wrecked car for the purpose of securing the owner's property prior to having the wrecked car towed away did not constitute an unreasonable search and seizure, and narcotics found in the bag were properly admitted in evidence.

**3. Criminal Law § 99.4— correction of defense counsel —instruction to counsel not to object—no expression of opinion**

The trial court did not express an opinion on the evidence when defense counsel confused two of the State's exhibits during cross-examination of a witness and the court corrected counsel in the presence of the jury, or when defense counsel repeatedly objected to a question put to a witness by the State and the court instructed counsel not to object to the question again.

**4. Narcotics § 4— possession of LSD with intent to sell—evidence of quantity**

There was sufficient evidence of quantity to justify submission to the jury of a charge of possession of LSD with intent to sell where there was testimony that the LSD powder was in "four smaller plastic bags" found within other plastic bags.

**5. Narcotics § 4.5— instructions—intent to sell LSD**

The trial court's instructions were not susceptible to the construction that the jury could find defendant guilty of possession of LSD with intent to sell if it found him guilty of mere possession or that the jury could infer intent to sell in the LSD charge if it found that defendant had an intent to sell secobarbital.

ON writ of certiorari to review proceedings before *Kirby, Judge.* Judgment entered 2 February 1977 in Superior court, CALDWELL County. Heard in the Court of Appeals on 5 December 1978.

Defendant was charged in proper bills of indictment with felonious possession of more than 100 dosage units of Secobarbital, felonious possession with intent to sell hashish, and felonious possession with intent to sell Lysergic Acid Diethylamine (LSD). Upon his plea of not guilty, the State introduced evidence tending to show the following:

On 20 October 1975, defendant wrecked a red 1965 Volkswagen automobile on the Abingdon Road near Lenoir, North Carolina. At approximately 3:00 p.m., William Brown from the Caldwell County Ambulance Service arrived on the scene, examined the defendant, and then transported him to the hospital in an ambulance. State Trooper L. O. Church arrived at the scene of the accident as the ambulance carrying the defendant was leaving. Trooper Church did not see the defendant at that time. He observed the wrecked Volkswagen automobile lying upside down in a ditch beside the road and noticed a brown paper bag lying on

the roof inside the upturned automobile. Trooper Church initially testified that he reached inside the car and seized the bag, but later said that the bag had fallen out of the car as it was being uprighted and he picked it up off the ground. Trooper Church opened the bag and examined its contents, finding in separate plastic containers a green vegetable block substance, a white and pinkish powder, and a number of capsules. An analysis of these items by the State Bureau of Investigation showed them to be 55 grams of hashish, capsules containing secobarbital, and an undetermined quantity of LSD.

The defendant offered no evidence.

The jury found defendant guilty as charged. A judgment was entered on the verdict sentencing defendant to ten years on the charge of felonious possession with intent to sell LSD, and three to fifteen years on the charges of felonious possession of hashish and secobarbital, to run at the expiration of the ten year sentence on the LSD charge. Defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Elisha H. Bunting, Jr., for the State.*

*William W. Respess, Jr., for defendant appellant.*

HEDRICK, Judge.

Defendant first contends that the items contained inside the paper bag were the products of an unconstitutional search and seizure under the Fourth Amendment, and they should have been excluded from evidence. Defendant argues that Trooper Church did not have probable cause to justify a search of defendant's automobile and that the warrantless search resulting in seizure of the contents of the paper bag cannot be justified under any of the exceptions for automobile searches.

A "search" proscribed by the Fourth Amendment contemplates an unreasonable governmental intrusion into an area in which a person has a justifiable expectation of privacy. *Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed. 2d 576 (1967). *See also, State v. Reams*, 277 N.C. 391, 178 S.E. 2d 65 (1970), *cert. denied*, 404 U.S. 840, 92 S.Ct. 133, 30 L.Ed. 2d 74 (1971). The fundamental inquiry in considering Fourth Amendment issues is

whether a search or seizure is reasonable under all the circumstances. *Cooper v. California*, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed. 2d 730 (1967); *State v. Robbins*, 275 N.C. 537, 169 S.E. 2d 858 (1969).

[1] The State, while frankly conceding that Trooper Church lacked probable cause to believe that defendant had committed a crime, argues that there was no "search" at all, and that the officer merely seized what was in his "plain view."

Courts have noted the diminished expectation of privacy that surrounds the automobile in several cases. "One has a lesser expectation of privacy in a motor vehicle because its function is transportation and it seldom serves as one's residence or as the repository of personal effects . . . It travels public thoroughfares where both its occupants and its contents are in plain view." *Cardwell v. Lewis*, 417 U.S. 583, 590, 94 S.Ct. 2464, 2469, 41 L.Ed. 2d 325, 335 (1974). Additionally, the manner in which motor vehicles may be operated on public highways and streets and their condition are subjects of extensive state regulation.

In *United States v. Chadwick*, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed. 2d 538 (1977), the Supreme Court dealt with a warrantless search of a footlocker in the trunk of an automobile conducted subsequent to defendant's arrest. The Supreme Court noted that "[b]y placing personal effects inside a double-locked footlocker, respondents manifested an expectation that the contents would remain free from public examination." 433 U.S. at 11, 97 S.Ct. at 2483, 53 L.Ed. 2d at 548. The Court also distinguished the search of defendant's footlocker from a search of an automobile:

> The factors which diminish the privacy aspects of an automobile do not apply to respondents' footlocker. Luggage contents are not open to public view, except as a condition to a border entry or common carrier travel; nor is luggage subject to regular inspections and official scrutiny on a continuing basis. Unlike an automobile, whose primary function is transportation, luggage is intended as a respository of personal effects. In sum, a person's expectations of privacy in personal luggage are substantially greater than in an automobile.

433 U.S. at 13, 97 S.Ct. at 2484, 53 L.Ed. 2d at 549.

Although the defendant in the present case, by placing the items in a paper bag, clearly had a lesser expectation of privacy than one who places them in a locked footlocker, we think the trooper's actions were a search and the protections of the Fourth Amendment are applicable. While the paper bag itself may well have been within the trooper's plain view, clearly its contents were not. Trooper Church's inspection of the items contained in the paper bag was clearly a search, and the plain view exception is not applicable.

[2] The State further argues that under G.S. §§ 20-49(7), 20-166.1 (e) Trooper Church had a duty to investigate traffic accidents and file a written report detailing the results of his investigation. Thus, it argues, Trooper Church was properly at the scene of the accident and merely carrying out his duties when he discovered the contraband; his seizure of the bag's contents is therefore not unreasonable under the circumstances and does not violate the Fourth Amendment.

In *Cady v. Dombrowski*, 413 U.S. 433, 441, 93 S.Ct. 2523, 2528, 37 L.Ed. 2d 706, 714-15 (1973), the Court noted:

> Local police officers, unlike federal officers, frequently investigate vehicle accidents in which there is no claim of criminal liability and engage in what, for want of a better term, may be described as community caretaking functions, totally divorced from the detection, investigation, or acquisition of evidence relating to the violation of a criminal statute.

Similarly, in *South Dakota v. Opperman*, 428 U.S. 364, 368-69, 96 S.Ct. 3092, 3097, 49 L.Ed. 2d 1000, 1005 (1976), the Court noted that vehicle accidents were one example of such a "caretaking function" where a disabled vehicle is taken into police custody: "To permit the uninterrupted flow of traffic and in some circumstances to preserve evidence, disabled or damaged vehicles will often be removed from the highways or streets at the behest of police engaged solely in caretaking and traffic-control activities."

*South Dakota v. Opperman, supra,* dealt with a warrantless inventory search of a vehicle taken into police custody. Although Trooper Church's inspection of the bag's contents in the present case does not fall within the inventory search exception, we think

the same considerations justifying an inventorying of a person's property in an automobile that has properly been taken into police custody are applicable. The primary justification for such a limited intrusion by the police is that of safeguarding the individual's property from loss or theft. *South Dakota v. Opperman*, 428 U.S. at 369, 96 S.Ct. at 3097, 49 L.Ed. 2d at 1005. In many instances the automobile taken into police custody may be temporarily stored at a location several miles from the station house. *Cady v. Dombrowski*, 413 U.S. at 443, 93 S.Ct. at 2529, 37 L.Ed. 2d at 716. Such a limited search in the inventory context has been held a reasonable response to the possibility of theft or vandalism. *South Dakota v. Opperman*, 428 U.S. at 369, 96 S.Ct. at 3097, 49 L.Ed. 2d 1005. Additional justifications have been found in protecting the police against claims or disputes over lost or stolen property, and protection of the police from potential danger. *Id.*

In the present case, we are unable to say that Trooper Church's conduct in looking inside the paper bag was unreasonable under the circumstances. Indeed, there has been no contention that the procedure was a pretext for concealing an investigatory police motive or that the search was unreasonable in scope. Trooper Church, having arrived on the scene, was in charge of seeing that the wrecked automobile was safely transported from the scene and stored. It was reasonable for the officer to see that the personal effects in the automobile were not lost and were secured prior to the towing of the automobile. Under the circumstances, it is reasonable for such an officer to look inside a paper bag to determine whether there is anything valuable belonging to the owner that the officer should hold for safekeeping. We note that the fact that items were contained in a paper bag manifests a lesser interest in keeping them hidden from public view than where items are placed in one's personal luggage, as occurred in *United States v. Chadwick, supra*. Unlike a suitcase or briefcase, which are designed to hold one's personal effects, a paper bag may hold any number of items, many of which would not necessarily be personal in nature. Similarly, an officer securing an owner's property in preparation to having a wrecked automobile towed away would not be justified in examining the contents of a briefcase or suitcase, as such containers are themselves valuable. We hold that Trooper Church's conduct was

not an unreasonable search or seizure in violation of defendant's Fourth Amendment rights. This assignment of error has no merit.

[3] Defendant next assigns as error certain comments made by the trial judge to defense counsel in the presence of the jury as being in violation of G.S. § 1-180 (now G.S. §§ 15A-1222, 1232, effective 1 July 1978). Defendant relies on the well-established rule that every person charged with a crime has a right to a trial before an impartial judge and an unprejudiced jury in an atmosphere of judicial calm. *State v. Cousin*, 292 N.C. 461, 233 S.E. 2d 554 (1977). Numerous cases have held that G.S. § 1-180, while referring explicitly only to the charge, forbids the trial judge from expressing or implying in the presence of the jury, any opinion as to guilt or innocence of the defendant, or as to any other fact to be determined by the jury, or as to the credibility of a witness at any time during the course of the trial. *E.g., State v. Staley*, 292 N.C. 160, 232 S.E. 2d 680 (1977); *State v. Lewis*, 32 N.C. App. 471, 232 S.E. 2d 472 (1977).

The first alleged expression of opinion by the trial judge occurred during defense counsel's cross-examination of a witness for the State as to his prior testimony with regard to one of the State's exhibits. The trial judge permitted the questioning until it became apparent that defense counsel had confused two of the State's exhibits. He then corrected defendant's counsel in the presence of the jury. Defendant argues that the manner of the judge was unduly harsh and resulted in emasculating the effectiveness of defense counsel. The second purported expression of opinion occurred after counsel had repeatedly objected to a question put to a witness by the State. The judge instructed defense counsel not to object to the question again.

The trial judge has discretion to keep the cross-examination of a witness within reasonable bounds. Stansbury's N.C. Evidence § 38, at 113 (Brandis rev. 1973). We do not think that the judge's comments in correcting defense counsel's confusion and limiting the cross-examination were so inordinately critical as to be prejudicial to the defendant. The judge's comment to defense counsel to not object to the questioning was clearly precipitated by the actions of defense counsel himself. We are unable to say that the judge's actions in the present case constituted prejudicial error.

[4]  Defendant next contends that the jury should not have been allowed to consider the charge of possession with intent to sell LSD because there was no evidence as to the amount of the controlled substance possessed by the defendant nor any evidence that it was packaged and suitable for distribution. In the present case, the chemist from the State Bureau of Investigation who analyzed the controlled substances did not weigh or otherwise determine the exact amount of the substance he found to be LSD.

Under *State v. Cloninger*, 37 N.C. App. 22, 245 S.E. 2d 192 (1978), the quantity of the drug seized is a relevant factor in determining whether there was an intent to sell, and where the quantity seized is extremely small, the court should not instruct the jury on the intent to sell portion of the charge. Nevertheless, we believe that there was sufficient evidence of quantity in the present case to justify submission of possession with intent to sell LSD. There was testimony that there were "several plastic bags with smaller plastic bags contained inside with a pink powder substance." The LSD that was seized was described later as "the four smaller plastic bags containing a pink powder substance and also contained in the small corner of a plastic bag was three capsules with pink powder in them also." We believe the foregoing was sufficient evidence to allow submission to the jury the charge of possession with intent to sell LSD. This assignment of error has no merit.

[5]  Finally, defendant contends that the trial court failed to properly instruct the jury regarding possession with intent to sell and deliver LSD. Defendant first argues that the instructions explaining what constitutes possession were confusing and that the charge could be construed to allow the jury to find the defendant guilty of possession with intent to sell if they found him guilty of mere possession. The defendant next argues that the court failed to adequately distinguish between the charges of possession with intent to sell LSD and possession with intent to sell secobarbital, and that the jury was thereby misled into believing that it could infer intent to sell in the LSD charge if it found that defendant had an intent to sell secobarbital.

We have examined the instructions to the jury in light of defendant's contention and we are unable to find any merit in this assignment of error. The trial judge properly instructed as to the

separate elements of each charge that the State was required to prove. *State v. Baker*, 285 N.C. 735, 208 S.E. 2d 696 (1974). The charge, when considered as a whole, is fair, complete, accurate, and free from prejudicial error.

The defendant had a fair trial free from prejudicial error.

No error.

Judges PARKER and ERWIN concur.