STATE OF NORTH CAROLINA v. CONSTANCE LOCKLEAR

No. 8112SC171

(Filed 6 October 1981)

**1. Criminal Law § 73.2— testimony not hearsay—evidence of state of mind**

In a case in which defendant was convicted of voluntary manslaughter, it was not error to permit a witness to testify she heard deceased tell defendant: "I don't love you and I want a divorce because I am going to marry [the witness]" as the witness testified to what she actually heard the deceased say and because it was offered to show the deceased's state of mind.

**2. Homicide § 21.7— denial of motion to dismiss—sufficiency of the evidence**

Where the evidence indicated defendant and deceased were living apart, deceased had told defendant he was going to marry someone else, deceased was killed in defendant's home, defendant testified deceased was killed after a struggle over a rifle; however, the house was clean and neat, defendant's appearance was neat and medical testimony indicated deceased was shot while sitting in a chair, the court did not err in denying defendant's motion to dismiss a second degree murder charge and all lesser included offenses.

**3. Criminal Law § 115— failure to instruct on involuntary manslaughter—no error**

Where the only evidence other than that tending to prove intentional homicide was defendant's testimony relating to her claim of self-defense, it was not error for the court to fail to instruct on involuntary manslaughter as the evidence did not support its submission.

APPEAL by defendant from *Hobgood, Judge.* Judgment entered 1 October 1980 in Superior Court, HOKE County. Heard in the Court of Appeals 1 September 1981.

Defendant was charged in a bill of indictment with second degree murder of her estranged husband, Henry Locklear, and was convicted of voluntary manslaughter. Defendant appeals, contending the trial judge erred in admitting hearsay evidence, in denying defendant's motion to dismiss the charge and lesser included offenses for insufficiency of the evidence, and in failing to charge the jury on the lesser included offense of involuntary manslaughter. We affirm the decision of the trial court.

*Attorney General Edmisten, by Assistant Attorney General Roy A. Giles, Jr., for the State.*

*Assistant Public Defender John G. Britt, Jr., for defendant appellant.*

HILL, Judge.

Defendant raises three assignments of error. Our review of this case is limited to those issues raised in the parties' briefs on appeal. *See* Rule 28(a), North Carolina Rules of Appellate Procedure.

[1] Defendant, Constance Locklear, moved *in limine* to exclude any statements made by the deceased to the effect that he wanted a divorce from her. The motion was denied. Later Betty Diahl, a girlfriend of the deceased, was permitted to testify that the deceased told defendant "I don't love you and I want a divorce because I am going to marry her [Betty Diahl]." Defendant objected, and in her first assignment of error contends the statement was hearsay. Defendant's first assignment of error is without merit and is overruled.

"Evidence, oral or written, is called hearsay when its probative force depends, in whole or in part, upon the competency and credibility of some person other than the witness by whom it is sought to produce it." 1 Stansbury's N.C. Evidence § 138, p. 458 (Brandis rev. 1973). "If a statement is offered for any purpose other than that of proving the truth of the matter stated, it is not objectionable as hearsay." *Id.* at § 141, p. 467. Moreover, the hearsay rule does not preclude admission of extra-judicial statements offered to show state of mind in another person. *State v. Black,* 230 N.C. 448, 53 S.E. 2d 443 (1949); *State v. Brooks,* 15 N.C. App. 367, 190 S.E. 2d 338 (1972).

The probative force of the testimony of Betty Diahl did not depend upon the competency and credibility of anyone other than the witness; the witness testified as to what she actually heard the deceased say. *See State v. Robbins,* 275 N.C. 537, 169 S.E. 2d 858 (1969). In addition, the testimony of Betty Diahl was not offered to prove the truth of the statement made by the deceased. Rather, it was offered to show his state of mind. The testimony therefore was properly admitted.

[2] At the close of the State's evidence, defendant moved for dismissal of the charge of murder in the second degree and all lesser included offenses. The trial judge denied the motion, and the jury returned a verdict of voluntary manslaughter. In her second argument, defendant contends there was no substantial

evidence that she intentionally performed the act which caused the death of her husband. We affirm the ruling of the trial judge.

> When the motion for nonsuit calls into question the sufficiency of circumstantial evidence, the question for the court is whether a reasonable inference of defendant's guilt may be drawn from the circumstances. If so, it is for the jury to decide whether the facts, taken singly or in combination, satisfy them beyond a reasonable doubt that the defendant is actually guilty.

*State v. Rowland,* 263 N.C. 353, 358, 139 S.E. 2d 661, 665 (1965); *quoted in State v. Mosley,* 33 N.C. App. 337, 342, 235 S.E. 2d 261, 264 (1977).

Defendant and her deceased husband were having marital difficulties. The husband was living with his girlfriend, Betty Diahl. The day before the husband was shot, he confronted defendant on the way to his mother's house, and in the presence of his girlfriend, his sister, and her boyfriend, told defendant he was going to divorce her and marry Betty Diahl. Defendant had told her husband she wanted him to come back home a short time before he was killed.

The shooting occurred at defendant's home while she and the deceased were alone. Immediately following the shooting, defendant went to a neighbor's house and told the neighbor she had shot her husband. At this time defendant did not characterize the shooting as accidental.

Although defendant testified that the deceased was shot unintentionally during a struggle over the rifle, the police officers testified there were no signs of a struggle when they arrived at the house, no articles were knocked over, and the floor was clean. Further, defendant was neatly dressed, there were no marks on her body, and her clothes were not soiled.

The body of the deceased was found partially in and partially out of a chair. There were no signs of blood anywhere except in the chair. The spent shell casing also was found near the chair.

The State's medical testimony established that the path of the bullet passed through the top of the deceased's skull and downward through the brain. Dr. Butts testified the nature of the

wound and the path of the bullet would be consistent with the theory that the deceased was shot while sitting in the chair in which he was found.

When the direct and circumstantial evidence in the present case is considered in the light most favorable to the State, and the State is given every reasonable inference arising therefrom, such evidence is sufficient to survive defendant's motion for dismissal of the charge and all lesser included offenses. Thus, the trial judge did not err in submitting the case to the jury to determine whether defendant intentionally shot her husband.

[3] Finally, we find no error by the trial judge in failing to charge the jury on the lesser included offense of involuntary manslaughter. Involuntary manslaughter is "the unlawful and unintentional killing of another human being without malice and which proximately results from the commission of an unlawful act not amounting to a felony . . . or from the commission of some act done in an unlawful or culpably negligent manner . . ." *State v. Everhart*, 291 N.C. 700, 702, 231 S.E. 2d 604, 606 (1977). *See also* 6 Strong's N.C. Index 3d, Homicide, § 6.1, p. 537. Intent is not an issue as it relates to involuntary manslaughter. "The crux of that crime is whether an accused unintentionally killed his victim *by wanton, reckless, culpable use of a firearm or other deadly weapon.*" *State v. Wrenn*, 279 N.C. 676, 683, 185 S.E. 2d 129, 133 (1971). (Emphasis added.) Thus, when there is evidence that a killing is unintentional but a defendant's culpable negligence caused the death, the jury must be instructed on involuntary manslaughter. *State v. Moore*, 275 N.C. 198, 166 S.E. 2d 652 (1969).

We have found plenary evidence to warrant instructions to the jury regarding intentional homicide in the case *sub judice*. The only evidence we find otherwise is defendant's testimony that the deceased left her on the couch in her house, went outside and got his rifle out of his car. Observing this, defendant arose from the couch and got behind the door. Deceased then came inside, pointed his rifle toward the couch containing defendant's pillow and covers, and said, "Well, this is it." Defendant said something, or made a noise, and her deceased husband turned and pointed the rifle at her chest. The two struggled and rolled around. Defendant testified that she did not know how her hus-

band was shot. After the rifle went off, the deceased fell back in the chair by the door. Defendant stated she did not intentionally shoot her husband and did not mean to cause his death; she was trying to save her life by getting the gun from the deceased without it being fired.

Defendant's testimony related to her claim of self-defense. Other than the testimony that defendant did not intend to kill the deceased, there is no evidence of the crux of involuntary manslaughter, an unintentional killing *by a wanton, reckless, culpable use of a firearm.* Even so, defendant does not contend that the deceased died as a result of her culpable negligence. Since the evidence does not support submission of a charge of involuntary manslaughter, defendant's final assignment of error is overruled.

In the trial below, we find

No error.

Judge HEDRICK concurs in result only.

Judge WHICHARD concurs.